# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Juanita Jones, | C/A: 2:22-cv-01144-DCN |
| Plaintiff, | |
| vs. | |
| Wal-Mart, Inc., | **DEFENDANT'S NOTICE OF REMOVAL** |
| Defendant. | |

1. Defendant Wal-Mart, Inc., (hereinafter, "Wal-Mart"), hereby files this Notice of Removal of the above-titled action from the Circuit Court of Dorchester County, South Carolina, to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1441.

2. The above-titled action was instituted by the Plaintiff against the Defendant by the service of a Summons and Complaint filed on January 13, 2022. The action is currently pending in the Circuit Court for Dorchester County, South Carolina, Case No. 2022-CP-18-00058. Defendant Wal-Mart was served by delivery of a copy of Plaintiff's Summons and Complaint to their registered agent, CT Corporation on January 25, 2022, and Defendant timely Answered on February 24, 2022. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and Answer, are attached hereto as Exhibit A, State Court Documents.

3. The case stated by Plaintiff's initial pleading was not removeable on its face because Defendant's counsel had file information regarding damages that did not give rise to a good faith conclusion that the amount in controversy was in excess of $75,000.00. Defendant's Answer to Plaintiff's Complaint filed in state court referenced that it was being filed pursuant to and in anticipation of execution of a Stipulation Limiting Damages being entered into the record.

4.      Counsel for Defendant emailed counsel for Plaintiff on February 24, 2022, a proposed Stipulation Limiting Damages for Plaintiff's consideration with the good faith belief that it would be accepted based on the information in Defendant's file. Defendant followed up several times but did not receive a response initially due to Plaintiff's counsel being out of the office. However, on March 11, 2022, after the date that Defendant's Answer was due and filed, Plaintiff's rejected the Stipulation Limiting Damages both in writing and by phone. *See* Exhibit B, Rejection Email. Accordingly, pursuant to 28 U.S.C. §§ 1446(b)(3) and (c)(3), Defendant hereby files this notice of removal within thirty (30) days after the receipt of the declination of the proposed Stipulation Limiting Damages and telephone conversation notifying Defendant that Plaintiff seeks damages in excess of $75,000.00.

5.      There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have originally been filed in this court pursuant to 28 U.S.C. § 1332. Specifically, this suit is removable because, as set forth more fully below, there is complete diversity of citizenship between the Plaintiff and Defendant Wal-Mart.  Upon information and belief, based on the Plaintiff's declining a stipulation limiting damages as provided by counsel for the Plaintiff, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

6.      At the time of commencement of the action, Plaintiff was and still is a citizen of South Carolina and Defendant Wal-Mart was at the time of the commencement of the action, and still is, a business entity organized and existing under the laws of a state other than South Carolina and having their principal place of business in a state other than South Carolina. Specifically, pursuant to 28 U.S.C. § 1332(c)(1), Walmart Stores East, LP. is a citizen of both Delaware and Arkansas, as it is a Delaware business entity with its respective principal places of business in Arkansas. *See also*, *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*,

363 F.3d 101, 102 (4th Cir. 2011). Further, Defendant Wal-Mart's general partner, WSE Management, LLC, was incorporated in Delaware, as was its limited partner, WSE Investment, LLC. The sole member of WSE Management, LLC and WSE Management, LLC is Wal-Mart Stores East, LLC, which is incorporated in Arkansas. In accordance with *Cent. W. Virginia Energy Co.*, the principal place of business of each of the aforementioned entities is Bentonville, Arkansas.

7.     Plaintiff's allegations arise out of an incident in which the Plaintiff claims that occurred in Wal-Mart located in Dorchester, South Carolina. Specifically, on May 21, 2018, Plaintiff alleges that he suffered injury when he slipped and fell on a substance while walking through the store. *See* Amended Complaint, ¶ 14. Plaintiff alleges damages for his injuries, in addition to future medical bills and expenses, pain and suffering and punitive damages. *See* Amended Complaint, ¶ 23. On March 11, 2022, counsel for Plaintiff communicated for the very first time that his client seeks a sum in excess of $75,000.00. Therefore, upon information and belief, the value of the matter in dispute exceeds the sum of Seventy-Five Thousand and NO/100 ($75,000.00) Dollars, exclusive of interest and costs and said action is one over which the District Court of the United States has original jurisdiction under 28 U.S.C. § 1332.

8.     Defendant hereby gives counsel for Plaintiff written notice of the removal of this action and will provide a copy of this Notice of Removal to the Clerk of Court for Beaufort County, as required by 28 U.S.C. § 1446(d).

9.     Defendant Wal-Mart files this Notice of Removal within thirty (30) days of the receipt of Plaintiff's refusal to enter into a Stipulation Limiting Damages to less than $75,000.00 in the state court action, which is the first information received by Defendant establishing federal jurisdiction.

WHEREFORE, Defendant respectfully submits this Notice of Removal of the State Court action to this Court this 8th day of April 2022.

*s/ Mary D. LaFave*
Mary D. LaFave, Fed. ID. 10316
CROWE LAFAVE, LLC
P.O. Box 1149
Columbia, South Carolina 29202
(803) 726-6756
mary@crowelafave.com

April 8, 2022                              *Counsel for Defendant*

4