ELECTRONICALLY FILED - 2022 Jan 13 10:02 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
|  | ) FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER | ) |
|  | ) CASE NO.: 2022-CP-18- |
| Juanita Jones, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) **SUMMONS** |
|  | ) |
| Wal-Mart, Inc., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

TO:   THE DEFENDANT NAMED ABOVE

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint on the Plaintiff's attorney, Jonathan S. Altman, Derfner & Altman, LLC, 575 King Street, Suite B, Charleston, South Carolina, 29403, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**DERFNER & ALTMAN, LLC**

s/Jonathan S. Altman
Jonathan S. Altman, Esq. (SC Bar #65400)
575 King Street, Suite B
Charleston, SC 29403
(843) 723-9804
jaltman@derfneraltman.com

*Attorney for the Plaintiff*

January 13, 2022
Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Jan 13 10:02 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER ) | |
| ) | CASE NO.: 2022-CP-18- |
| Juanita Jones, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **COMPLAINT** |
| ) | |
| Wal-Mart, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Juanita Jones (hereinafter "Jones"), complaining of Defendant Wal-Mart, Inc. (hereinafter "Wal-Mart"), would respectfully show unto this Honorable Court as follows:

1. That the parties and subject matter herein contained are within the jurisdiction of this Honorable Court.

2. Plaintiff resides at 7963 Weld Street, North Charleston, South Carolina 29418.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware authorized to do business in the State of South Carolina and is doing business in Summerville, South Carolina and Dorchester County.

**FACTS**

4. Defendant operates a retail store located at 9880 Dorchester Road, Summerville, South Carolina 29485, Dorchester County, Wal-Mart Supercenter Store #628.

5. On December 12, 2020, while shopping at Defendant's store, Plaintiff slipped on a liquid substance that had been allowed to accumulate on Defendant's floor and fell on her right side, twisting her right ankle. Jones required emergency and subsequent medical treatment for injuries suffered on Wal-Mart's premises.

## FOR A FIRST CAUSE OF ACTION
**Premises Liability/Negligence/Gross Negligence**

6. Plaintiff repeats and re-alleges paragraphs 1 through 6 above as is set forth fully herein verbatim.

7. Defendant owed a duty to Plaintiff, an invitee, to use reasonable and ordinary care to maintain its store and ensure that Plaintiff was safe while shopping. Defendant breached this duty.

8. Defendant knew or should have known of the dangerous condition of its premises which caused Plaintiff's injuries, and that these conditions posed a significant and unreasonable risk of danger to patrons such as Plaintiff.

9. Plaintiff's injuries and damages were proximately caused by Defendant, through its agents, servants, and/or employees, who were negligent, grossly negligent, reckless, willful and wanton as follows:

   a. Failing to properly inspect, maintain and safeguard Defendant's floors;

   b. Failing to warn and protect Plaintiff against injuries resulting from dangerous conditions;

   c. Failing to ensure that Defendant's store was reasonably safe and fit;

   d. Allowing dangerous conditions to exist at the premises where parties such as Plaintiff might encounter such conditions;

   e. Failing to properly supervise floor maintenance;

   f. Failing to follow accepted professional standards and specifications;

   g. Failing to hire adequate personnel to inspect and discover dangerous conditions; and

   h. Failing to correct the dangerous conditions prior to December 12, 2020.

ELECTRONICALLY FILED - 2022 Jan 13 10:02 AM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

10. That the negligent, grossly negligent, reckless, willful and wanton acts of Defendant constitute a breach of the duty owed to Plaintiff to ensure that Defendant's store was safe on December 12, 2020.

11. That as a direct and proximate result of the acts and omissions of Defendant, Plaintiff suffered injuries and damages to wit: personal injuries, loss of income, pain and suffering, mental anguish and medical expenses.

WHEREFORE, Plaintiff demands judgment against Defendant in such sum as the trier of fact shall deem just and proper, including but not limited to an award of actual damages, together with all attorney's fees and costs incurred in this action, and such other and further relief as this Honorable Court deems just and proper.

**DERFNER & ALTMAN, LLC**

 s/Jonathan S. Altman
Jonathan S. Altman, Esq. (SC Bar #65400)
575 King Street, Suite B
Charleston, SC 29403
(843) 723-9804
jaltman@derfneraltman.com

*Attorney for the Plaintiff*

January 13, 2022
Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Feb 24 2:31 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF DORCHESTER<br><br>Juanita Jones,<br><br>    Plaintiff,<br><br>  vs.<br><br>Wal-Mart, Inc.,<br><br>    Defendant. | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br><br>Civil Action No. 2022-CP-18-00058<br><br><br>**DEFENDANT'S ANSWER TO<br>PLAINTIFF'S COMPLAINT**<br>**(Jury trial requested)** |

Defendant Walmart Stores East, L.P. (improperly named "Wal-Mart, Inc."), by and through undersigned counsel, hereby answers Plaintiff's Complaint in the above-captioned case as follows. Defendant denies every allegation of Plaintiff's Complaint unless specifically admitted herein and files this Answer in anticipation of the entry of a Stipulation Limiting Damages less than $75,000 into the record. Further, Defendant hereby requests a jury trial.

**FOR A FIRST DEFENSE**

1. The allegations of Paragraph 1 are predicated on legal conclusions for which no response is required; however, to the extent a response is required, the allegations of Paragraph 1 are denied.

2. Defendant has insufficient information to respond to the allegations of Paragraph 2 pertaining to Plaintiff's residency; thus, Defendant neither admits nor denies the allegations.

3. Defendant admits the allegations of Paragraph 3 insofar as the proper Defendant Walmart Stores East, L.P. is a corporation organized and existing under a state other than the State of South Carolina and conducts business in the State of South Carolina, County of Dorchester. All remaining allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are admitted but all liability for the subject incident is denied.

5. The allegations of Paragraph 5 are denied.

6. The allegations of Paragraph 6 are summary in nature and do not require a response. However, to the extent that a response is required, Defendant incorporates the corresponding responses contained herein and denies any additional allegations.

7. The allegations of Paragraph 7 are predicated on legal conclusions for which no response is required; however, to the extent that a response is required the allegations of Paragraph 7 are denied and it is further denied that Paragraph 7 sets forth a complete or accurate statement of the law applicable to this matter.

8. The allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9, including but not limited to subparts (a.) through (h.), are denied.

10. The allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 are denied.

12. To the extent that Plaintiff's unnumbered Paragraph on Page 4 of the Complaint contains any allegations against Defendant, Defendant denies all such allegations.

**FOR A SECOND DEFENSE**

13. Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

14. Plaintiff fails to state a claim for which relief may be granted on her cause of action for negligence, as Plaintiff cannot prove that Defendant breached any duty

ELECTRONICALLY FILED - 2022 Feb 24 2:31 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

owed to Plaintiff thereby causing his damages. Therefore, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE

15. Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

16. Plaintiff fails to state a claim for which relief may be granted against the Defendant on the grounds that Plaintiff cannot prove that any action or inaction by the Defendant resulted in Plaintiff's alleged injuries. Therefore, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A FOURTH DEFENSE

17. Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

18. Plaintiff is wholly or partially barred from recovery as any alleged injuries sustained by Plaintiff, which Defendant expressly denies, were caused by Plaintiff's own comparative negligence, which was either the sole cause of said damages, exceeded any negligence of Defendant, or combined with the negligence of Defendant, which Defendant expressly denies, such that any recovery awarded to Plaintiff should be reduced in proportion to Plaintiff's own negligence.

## FOR A FIFTH DEFENSE

19. Defendant adopts and re-alleges each and every allegation set forth above as if

ELECTRONICALLY FILED - 2022 Feb 24 2:31 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

fully repeated herein.

20. If Plaintiff sustained any injury or damages, which Defendant expressly denies, said injuries and damages were caused by a superseding, intervening act of negligence for which Defendant is not liable. Thus, Plaintiff's claims are barred.

**FOR A SIXTH DEFENSE**

21. Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

22. Plaintiff fails to state a claim for which relief can be granted to the extent she appears to allege a cause of action for negligent supervision, hiring, training and retention as Plaintiff does not allege any specific allegation pertaining to any particular store associate. Further, Plaintiff cannot show that Defendant knew or should have known that the employment of any particular associate created an undue risk of harm to the public. Additionally, Plaintiff cannot show that Defendant knew or had reason to know of the ability to control any particular associate or of the necessity and opportunity for exercising control over the conduct of any particular associate. As such, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A SEVENTH DEFENSE**

23. The Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

24. The damages suffered by Plaintiff, if any, were the result of the acts or omissions of other parties, named or unnamed in this action, for which the Defendant bears

ELECTRONICALLY FILED - 2022 Feb 24 2:31 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

no responsibility.

## FOR AN EIGHTH DEFENSE

25. Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

26. The facts not having been fully developed, the Defendant affirmatively pleads any of the following defenses that may become applicable to this action: accord and satisfaction, arbitration and award, assumption of the risk, coercion, contract, election of remedies, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, satisfaction, statute of frauds, statute of limitations, waiver, failure of Plaintiff to mitigate damages or take reasonable steps to avoid damages, and any other matter constituting affirmative defense or an avoidance.

## FOR A NINTH DEFENSE

27. Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

28. Plaintiff cannot sustain her claim for punitive damages as any award of punitive damages under South Carolina law without bifurcation of the trial so that any punitive damage issues are tried only after and if liability on the merits of this action has been found will violate Defendant's due process rights guaranteed by the United States Constitution and the South Carolina Constitution, and would violate the common law and public policy of the State of South Carolina.

29. An award of punitive damages under South Carolina law without being subject to a predetermined limit on the amount of punitive damages that a jury might impose

ELECTRONICALLY FILED - 2022 Feb 24 2:31 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058

would violate Defendant's due process rights guaranteed by the United States Constitution and the South Carolina Constitution, and would violate the common law of the State of South Carolina.

30. Defendant at all times acted reasonably and in good faith in the exercise of their legal rights and at no time breached any duty, acted with any malice or ill-will toward the Plaintiff, or recklessly or wantonly, or with a conscious disregard for the Plaintiff's rights. Thus, Plaintiff cannot sustain a claim for punitive damages. Further, punitive damages as sought by the Plaintiff are excessive, unconstitutional and violate the Due Process Clause of the United States and South Carolina Constitutions.

31. The Defendant pleads that some or all of Plaintiff's claims may be barred, limited and/or bifurcated pursuant to S.C. Code Ann. §15-32-510 *et seq.*, including but not limited to §15-32-520 and §15-32-530, which are incorporated in their entirety by this reference and plead as affirmative defenses as to all of Plaintiff's claims.

## FOR A TENTH DEFENSE

32. Defendant adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

33. Defendant hereby reserves the right to amend this Answer to assert additional defenses pursuant to South Carolina Rules of Civil Procedure, Rule 15, as they become known throughout the discovery process.

WHEREFORE, having fully answered the Complaint of Plaintiff, Defendant prays that this Court dismiss the Complaint and also prays for such other relief as the Court may deem

appropriate, including the costs associated with this action.

                                              **CROWE LAFAVE, LLC**

*s/Mary D. LaFave*
Mary D. LaFave, Esq. SC BAR #75366
P.O. Box 1149
Columbia, South Carolina 29201
803.726.6756 (office)
mary@crowelafave.com

February 24, 2022
Columbia, South Carolina                    **Attorney for Defendant Walmart, Inc.**

ELECTRONICALLY FILED - 2022 Feb 24 2:31 PM - DORCHESTER - COMMON PLEAS - CASE#2022CP1800058